**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 3, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MERLIN CABRERA-IRIAS,
a/k/a George,

    Defendant - Appellant.

No. 25-1260
(D.C. No. 1:23-CR-00421-RMR-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **KELLY**, and **MORITZ**, Circuit Judges.

_____

Merlin Cabrera-Irias pleaded guilty to one count of conspiracy to distribute

and possess with intent to distribute 40 grams or more of a mixture or substance

containing fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The district

court sentenced him to 96 months in prison, which was below both the statutory

maximum of 40 years and the advisory Sentencing Guidelines range of 97 to 121

months.  Mr. Cabrera-Irias seeks to appeal his conviction and sentence.

The government filed a motion to enforce the appeal waiver contained in his

plea agreement.  *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004)

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(en banc) (per curiam).  Mr. Cabrera-Irias's counsel responded, saying it would be frivolous to oppose the government's motion.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  Consistent with the procedure outlined in *Anders*, we invited Mr. Cabrera-Irias to file his own response to show why we should not enforce the appeal waiver, but he has not done so.

Under these circumstances, our duty is to examine the record and decide whether the appeal is indeed frivolous.  *See id.*  We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and (3) enforcing the waiver will not result in a miscarriage of justice.  *See Hahn*, 359 F.3d at 1325.  All three considerations support enforcing the waiver here.

***Scope of the waiver.***  Mr. Cabrera-Irias seeks to appeal his conviction and sentence, but he waived the right to appeal unless his sentence exceeded statutory maximum, his sentence exceeded the top end of the Sentencing Guidelines range, or the government appealed the sentence imposed.  Because his sentence was below both the statutory maximum and the Sentencing Guidelines range, and the government did not appeal the sentence, Mr. Cabrera-Irias's waiver covers this appeal.

***Knowing and voluntary waiver.***  The plea agreement and the plea colloquy show that Mr. Cabrera-Irias knowingly and voluntarily waived his right to appeal.

***Miscarriage of justice.***  Enforcing an appeal waiver will result in a miscarriage of justice only if:  (1) the district court relied on an impermissible factor, such as

2

race; (2) ineffective assistance of counsel in negotiating the waiver makes it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in a way that seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.* at 1327. Nothing in the record suggests that enforcing the appeal waiver will cause a miscarriage of justice.

We grant the government's motion to enforce the appeal waiver and dismiss this appeal.

Entered for the Court

Per Curiam